E-FILED: Baltimore County Circuit Court
Docket: 4/12/2023 3:09 PM; Submission: 4/12/2023 3:09 PM



**CIRCUIT COURT FOR BALTIMORE COUNTY MARYLAND**
401 Bosley Avenue, P.O. Box 6754
Towson, MD 21285-6754

**To:** NVR, INC.
TRA HOMES, RYAN
SERVE ON RESIDENT AGENT:
CSC LAWYERS INCORPORATING SERVICE CO.
7 ST. PAUL STREET
BALTIMORE, MD 21202

|  |  |
|---|---|
| **Case Number:** | **C-03-CV-23-001518** |
| **Other Reference Number(s):** | |
| **Child Support Enforcement Number:** | |

**TAMMY JOHNSON, ET AL. VS. NVR, INC.**

Issue Date: 4/12/2023

## WRIT OF SUMMONS

You are hereby summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this court, to the attached complaint filed by:

TAMMY R. JOHNSON; WILLIAM M. LONGAN
9813 Marsh Haven Court
Middle River, MD 21220; 9813 Marsh Haven ct,
Middle River, MD 21220

This summons is effective for service only if served within 60 days after the date it is issued.

*Julie L. Ensor*
Julie L. Ensor
Clerk of the Circuit Court

To the person summoned:
Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
Personal attendance in court on the day named is NOT required.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

**EXHIBIT 1**

Tammy Johnson, et al. vs. NVR, Inc.

Circuit Court for Baltimore County
Case Number: C-03-CV-23-001518

## SHERIFF'S RETURN
### (please print)

To:  NVR, INC.

_____   ID# _____ of the _____
Serving Sheriff's Name

County Sheriff's office present to the court that I:

(1) Served _____
                                                    Name of person served

on _____ at _____
        Date of service                                              Location of service

_____ by _____ with the following:
                                            Manner of service

☐ Summons                                    ☐ Counter-Complaint
☐ Complaint                                  ☐ Domestic Case Information Report
☐ Motions _____            ☐ Financial Statement
☐ Petition and Show Cause Order              ☐ Interrogatories
☐ Other _____
                        Please specify

(2) Was unable to serve because:
        ☐ Moved left no forwarding address    ☐ No such address
        ☐ Address not in jurisdiction         ☐ Other _____
                                                         Please specify

Sheriff fee: $ _____   ☐ waived by _____


_____   _____
            Date                       Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:
1.  This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2.  Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3.  Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4.  If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

TAMMY R. JOHNSON               *     IN THE
WILLIAM M. LONGAN
9813 Marsh Haven Court         *     CIRCUIT COURT
Baltimore, MD 21220

                          *     FOR

     Plaintiffs
                          *     BALTIMORE COUNTY

v.
                          *     Case Number:

NVR, INC.
t/a RYAN HOMES              *
11700 Plaza America Drive
Reston, VA 20190              *
     Serve On Resident Agent:
CSC Lawyers Incorporating Service Co.   *
7 St. Paul Street
Baltimore, MD 21202          *

     Defendant               *

*    *    *    *    *    *    *    *    *    *    *    *

## COMPLAINT

Now comes Tammy R. Johnson & William M. Longan (hereinafter "Plaintiffs"), by and

through their attorneys, Tyler J. Nowicki, Esquire, and Nowicki & Associates, P.A., submits this

Complaint against NVR, Inc. t/a Ryan Homes, (hereinafter "Defendant"), and for their reasons

states:

## PREAMBLE

1. Plaintiffs, Tammy R. Johnson & William M. Longan, are and were at the time of the

   incident residents of Baltimore County, Maryland.

2. Defendant NVR, Inc. t/a Ryan Homes is a corporation duly licensed and authorized to

   do business in the State of Maryland, with its principal place of business in Maryland

   located in Gaithersburg, MD and doing business in Baltimore County, MD which

1

specializes in home sales and construction.[1]

3. Ryan Homes, located at 656 Quince Orchard Road, Suite 500, Gaithersburg, MD 20878, upon information and belief, is owned, operated, and conducts business for its owner, NVR, Inc.[2]

4. This suit arises from a breach of contract, misrepresentations, fraud, negligence, other concealments, misrepresentations and/or assertions on behalf of Defendant (hereinafter "Defendant" shall include any and all Agents/Associates/Employees/Contractors/and the like, of Defendant) in regard to the Purchase Agreement and Ryan Homes Homeowner's Guide entered into between the Parties wherein Defendant contracted and/or otherwise agreed to provide brand new home construction to Plaintiffs located at 9813 Marsh Haven Court, Baltimore, MD 21220. (hereinafter "Property"), later concealing with the intent to deceive a substantial structural defect and the Defendant's attempt to correct the same.

5. Personal jurisdiction over this matter is proper pursuant to the Md. Code Ann., Cts. & Jud. Proc. § 6-102.

6. Venue over this matter is proper pursuant to the Md. Code Ann., Cts. & Jud. Proc. § 6-201.

<u>Facts Common to All Counts</u>

7. The parties entered into a Maryland Purchase Agreement on or about February 24th, 2018, for the Plaintiffs' purchase of the Property at issue, which at the time was

---

[1] See SDAT printout attached hereto as Exhibit A.
[2] See SDAT printout attached hereto as Exhibit B.

merely a lot within the Hawkins Manor Community located in Baltimore County, Maryland.

8. The Purchase Agreement comes with a Ryan Homes Homeowner's Guide consisting of Chapters 1-8 which further outlines each party's other duties and obligations of the transaction during the construction phase of the Property and beyond.

9. After the Change Order Addendum to Purchase Agreement signed on or about March 4th, 2018, including several added customizations, the total purchase price of the newly built home was Three Hundred Ninety-Two Thousand Two Hundred Eighty Dollars ($392,280.00).

10. The Purchase Agreement provides for a Limited Warranty as set forth in Paragraph 6 and further set forth within Appendix A of the Ryan Homes Homeowner's Maintenance Guide and Warranty. This section provides there are no other express warranties provided by the Defendant.

11. The Purchase Agreement provides for a Pre-Settlement Demonstration as set forth in Paragraph 8(d) which reads in relevant part: "We will inspect the Property with You prior to Settlement ("Pre-Settlement Demonstration"). We will note any items that We determine need to be completed or corrected on the Pre-Settlement Demonstration Report."

12. The Purchase Agreement greatly limits the future Homeowner's access to the Property during the construction stage as set forth in Paragraph 8(h) which reads in relevant part: "Except as set forth in subsection (d) and (e) of this Paragraph 8, You may not access or entry to the Property or the construction site during construction, nor may You store any possessions on the Property or the construction site prior to

3

Settlement. Any violation of this provision may, at Our election, be considered a default of this Agreement and, in addition to any further remedies available to Us, We may terminate this Agreement and keep Your Deposit as fixed and liquidated damages. If You violate this provision, You will be deemed to be trespassing and We assume no liability or responsibility for any injuries suffered by You while on the Property or construction site, and You indemnify Us from any and all injury, cost, loss or damage arising from Your actions."

13. The Purchase Agreement provides the standards of the construction as set forth in Paragraph 8(i) which reads: "THE HOME SHALL BE CONSTRUCTED IN ACCORDANCE WITH ALL APPLICABLE BUILDING CODES IN EFFECT AT THE TIME OF THE CONSTRUCTION OF THE HOME. THE HOME SHALL BE CONSTRUCTED BY SELLER IN ACCORDANCE WITH THE PERFORMANCE STANDARDS AND/OR GUIDELINES: (i) ADOPTED BY THE NATIONAL ASSOCIATION OF HOME BUILDERS; OR (ii) ANY PERFORMANCE STANDARDS AND/OR GUIDELINES UTILIZED BY SELLER AT THE TIME OF CONSTRUCTION THAT ARE EQUAL TO OR MORE STRINGENT THAN THE PERFORMANCE STANDARDS AND/OR GUIDELINES OF THE NATIONAL ASSOCIATION OF HOME BUILDERS. THE FOREGOING APPLICABLE PERFORMANCE STANDARDS AND/OR GUIDELINES SHALL BE THE MEASURE OF THE PERFORMANCE BY SELLER UNDER THIS AGREEMENT AND ANY ARBITRATION OR ADJUDICATION OF A CLAIM ARISING FROM THIS AGREEMENT." (Capitalization in original)

14. Pursuant to the Change Order Addendum to Purchase Agreement dated March 2nd, 2018, the parties expressly agreed on a "Finished Basement" and other upgrades for the additional costs of $24,995.00.

15. The Ryan Homes Homeowner's Guide consists of eight (8) "Chapters:" 1) Who We Are, 2) Getting Started, 3) Obtaining Your Mortgage with NVRM, 4) Construction of Your Home, 5) Closing of Your Home, 6) What to Expect After Closing, 7) Glossary of Terms, and 8) Appendix A – Homeowner's Maintenance Guide & Warranty.

16. Chapter 4, Construction of Your Home, sets forth the agreement between the parties for a "Pre-Drywall Meeting." In relevant part Chapter 4 states: "you will have an opportunity to meet with your Project Manager right before drywall goes up in your home, so we can demonstrate the craftmanship behind the walls." "The 2nd meeting, the Pre-Drywall Meeting, will take place at your new home and will occur right before drywall is hung in your new home. At the Pre-Drywall Meeting we will provide you with a New Home Orientation date and Settlement date and time. You will also receive this notification in writing."

17. Chapter 4 continues setting forth a "Pre-Construction Meeting Agenda" which under the "What's Next?" portion reads: "Expect to hear form your Project Manager within the next few weeks/months to schedule your Pre-Drywall Meeting."

18. Thus, it is unequivocally the Defendant's duty and obligation, by and through their Project Managers, to schedule and arrange the agreed upon meetings throughout the construction phase of the project.

19. On the next page of Chapter 4, the Defendant sets forth the "Pre-Drywall Meeting Agenda." The relevant sections read: "When – Monday through Friday, between 8:00

5

am and 3:00 pm. Where – At your home under construction. Attendees – Purchasers, Project Manager, Realtor (if applicable and/or desired). Length – Approximately 45 minutes – 1 hour. Purposes – Tour the home together and demonstrate the quality 'behind the walls' the Ryan Homes builds into every one of our homes prior to drywall installation."

20. Chapter 5, Closing of Your Home, reiterates the duties and responsibilities of the Project Manager, stating: "Your Project Manager will be communicating with you throughout the building process and will keep you informed as to the construction progress."

21. Within Appendix A, Homeowner's Guide & Warranty, VI. Definitions: E. "Load-bearing portions of the Home means the load bearing portions of the: 1. Foundation system and footings; and 6. Load-bearing walls and partitions. K. Structural Defect means any defect in the load-bearing portions of the new home that adversely affects its load bearing function to the extent that the home becomes or is in serious danger of becoming unsafe, unsanitary, or otherwise uninhabitable.

22. Throughout the construction phase, the Plaintiffs' Project Manager, Eric, never once scheduled, or attempted to schedule, or even discussed with Plaintiffs, the Pre-Drywall Meeting.

23. The Plaintiffs were otherwise active and engaged in each and every step of the construction of their new home discussing all stages along the way with their Project Manager, Eric.

24. Plaintiffs were initially set to settle on their new home in September of 2018; however, the Defendant postponed the initial settlement date due to the construction

not being complete. Ultimately, Plaintiffs settled on their newly built home on or about October 11th, 2018, and moved into the Property shortly thereafter.

25. The Property had some minor issues over the years; however, nothing requiring the Defendants attention (besides a master bathroom toilet) until October 2022.

26. On or about October 5th, 2022, the Plaintiffs noticed four (4) to five (5) feet of the carpet and padding in the basement was completely soaked with water after a rainstorm. The Plaintiffs pulled up the carpet; however, could not find a source of the water intrusion.

27. The Plaintiffs immediately noticed the presence of mold and mildew.

28. It was not readily apparent where the water was coming from after removing the carpet and padding and so Plaintiffs removed the drywall from the area closest to the water intrusion, the corner wall from the first floor to basement stairwell.

29. Much to the Plaintiffs' dismay, the concrete load-bearing wall under the southeast of the garage concrete slab had several vertical cracks, one (1) of which was much larger than the others, expanding the entirety of the eight (8) foot wall. The top portion of the wall had cracks approximately ½ inch big in some areas.

30. Most disturbing and infuriating, Plaintiffs found six (6) injection ports placed along the vertical cracks and what is believed to be epoxy sealer or other sealant applied in the vicinity of the vertical cracks.

31. From their date of purchase the Plaintiffs have had no other entities or persons who would otherwise be responsible or would have placed these injection ports in the wall.

32. These injection ports and attempted repair of the cracks, and/or merely the cover up of water intrusion into the Property, was done by the Defendant or Defendant's agents, employees, representatives.

33. Further, the cause of the water intrusion into the Property is believed to be twofold, amongst other factors: 1) the wall at the right side of the garage was not graded properly to allow water to drain away from the garage concrete slab, and 2) the garage concrete slab itself is over two (2) inches higher on the right side of the slab.

34. These substantial structural defects in the design and unworkmanlike work product in the construction of the Property have caused a major structural defect to the load-bearing wall and foundation of the Property where hydrostatic pressure, among other factors, has eroded and degraded the affected areas for over four years (4) to date, since the date of completion of the Property construction, causing the substantial cracks in the load-bearing wall and foundation and water intrusion into the basement.

35. Plaintiffs were never advised, warned, or otherwise informed in any fashion of the substantial structural defects in the design and unworkmanlike work product in the construction of the home despite the Defendant's duty and obligation to schedule and perform a Pre-Drywall Meeting.

36. Further, Plaintiffs were never advised, warned, or otherwise informed in any fashion of the Defendant's attempts to conceal, repair, or otherwise remedy the substantial structural defect in the design and unworkmanlike work product in the construction causing water intrusion into the Property.

37. The Pre-Drywall Meeting was not performed by the Defendant so that the Defendant could conceal the substantial structural defect of the design and unworkmanlike work

8

product in the construction of the foundation and load-bearing wall of the Property;

and, to conceal the Defendant's feeble attempt at concealing, repairing, or otherwise

blocking the water intrusion from the Plaintiffs.

38. These substantial structural defects and unworkmanlike work product only appeared

to the Plaintiffs after October 5th, 2022, given they were intentionally concealed by

the Defendant with the intent to hide these defects from the Plaintiffs behind walls.

39. Plaintiffs, without a doubt, would <u>not</u> have proceeded with the purchase of the

Property, which would have been their absolute right as set forth in the Purchase

Agreement and Ryan Homes Homeowner's Guide, had they witnessed the numerous

eight (8) foot cracks in the foundation and load-bearing wall of the Property at the

Pre-Drywall Meeting, or at any time thereafter.

40. The Defendant with the intent to deceive and defraud the Plaintiffs concealed or

otherwise hid from the Plaintiffs in order to effectuate and continue the Plaintiffs'

purchase of the Property the substantial structural defect of the design and

unworkmanlike work product in the construction of the foundation and load-bearing

wall of the Property and concealed its feeble attempt at repairing, or otherwise

blocking the water intrusion.

41. Plaintiffs attempted to address with the Defendant the sever inadequacy of the

substantial structural defect of the design and unworkmanlike work product in the

construction of the foundation and load-bearing wall of the Property to no avail to

date.

42. The Defendants initially improperly refused the Plaintiffs request for the Defendant to

review the ongoing issue under the Ryan Homes Homeowners Guide Warranty,

taking the inconceivable position that the cracks were a "waterproofing issue" not otherwise subject to any potential coverage.

43. The Plaintiffs then had no other choice but to hire a structural engineer at their own expense who identified the substantial structural defect of the design and unworkmanlike work product in the construction of the foundation and load-bearing wall of the Property given the several vertical cracks, one (1) of which was much larger than the others, expanding the entirety of the eight (8) foot wall and the concealed attempted repair thereof.

44. The Plaintiffs now have no choice but to hire another contractor to attempt to repair and/or replace the substantial structural defect of the design and unworkmanlike work product in the construction of the foundation and load-bearing wall of the Property due to the ongoing health and safety hazard caused by the condition of the Property; and further, have suffered loss of use, safety concerns, inhabitability, and substantial diminution of value of the Property.

45. The Defendants materially breached the Purchase Agreement by not completing the work, as a whole and as outlined supra, on the Property in a proper and workmanlike manner within industry standards; and, Defendant intentionally deceived and defrauded the Plaintiffs by concealed or otherwise hiding from the Plaintiffs in order to effectuate and continue the Plaintiffs' purchase of the Property the substantial structural defect of the design and unworkmanlike work product in the construction of the foundation and load-bearing wall of the Property and concealing the Defendant's feeble attempt at repairing, or otherwise blocking the water intrusion.

46. Due to Defendant's grossly inadequate and improper design and construction at the Property and deceit in relation to the same, Plaintiffs have suffered an extensive monetary loss as a direct result of loss of use, safety concerns, inhabitability, costs associated with the subject at issue, substantial diminution of value of the Property, overpaying Defendant for their inadequate and improper construction and repairing and/or completing Defendant's inadequate and improper construction, as well as, substantial mental anguish.

## COUNT ONE – BREACH OF CONTRACT

47. Plaintiffs reallege and incorporates by reference all those facts and allegations in paragraphs one (1) through forty-six (46) above and further alleges:

48. The Defendant owed a contractual obligation, within the scope of the Purchase Agreement and Ryan Homes Homeowner's Guide to the Plaintiffs in regard to agreed upon inspections, reports, limited warranties, work product, workmanship, materials and services to be provided in exchange for monies and in regard to the substantial structural defect of the design and unworkmanlike work product in the construction of the foundation and load-bearing wall of the Property and the Defendant's concealed attempt at repairing, or otherwise blocking the water intrusion from the Plaintiffs.

49. The Defendant materially breached these obligations as Plaintiffs paid the Defendant monies and received no such proper and adequate inspections, reports, work product and services.

WHEREFORE, Plaintiffs demand judgment against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00) in economic and non-economic damages, compensatory

damages, plus pre-judgment interest and post-judgment interest and the costs of these

proceedings.

## COUNT TWO – BREACH OF IMPLIED WARRANTY

50. Plaintiffs reallege and incorporates by reference all those facts and allegations in

paragraphs one (1) through forty-nine (49) above and further alleges:

51. Defendant owed Plaintiffs the duty to use ordinary skill and care in their construction

and performance of work on Plaintiffs' Property as codified in Maryland Code Ann.

Real Property Section 10-201, et seq.

52. Defendant breached that duty owed to Plaintiffs as outlined supra given the Property

is: not free from faulty materials, not constructed in accordance with sound

engineering standards, not constructed in a workmanlike manner to industry standard,

and is not fit for habitation.

53. As a result of Defendant's breach of their duty owed to Plaintiffs, they have suffered

extensive monetary damages.

WHEREFORE, Plaintiffs demand judgment against Defendant in excess of Seventy-Five

Thousand Dollars ($75,000.00) in economic and non-economic damages, compensatory

damages, plus pre-judgment interest and post-judgment interest and the costs of these

proceedings.

## COUNT THREE – INTENTIONAL MISPREPRESENTATION – CONCEALMENT/ NON-DISCLOSURE

54. Plaintiffs reallege and incorporates by reference all those facts and allegations in

paragraphs one (1) through fifty-three (53) above and further alleges:

12

55. Defendant had a duty to disclose the material fact(s) in relation both in accordance with the Purchase Agreement and Ryan Homes Homeowner's Guide and to the substantial structural defect of the design and unworkmanlike work product in the construction of the foundation and load-bearing wall of the Property and the Defendant's concealed attempt at repairing, or otherwise blocking the water intrusion from the Plaintiffs.

56. Defendant failed to disclose said material fact(s) to Plaintiffs.

57. The Defendant failed to disclose said material fact(s) with the intent to deceive Plaintiffs and/or Defendant knew the Plaintiffs would act in a different manner had they known of the existence of the material fact(s).

58. The Plaintiffs relied with justification upon the misrepresentation and suffered damages as a direct result of the misrepresentation.

WHEREFORE, Plaintiffs demand judgment against Defendants in excess of Seventy-Five Thousand Dollars ($75,000.00) in economic and non-economic damages, compensatory damages, plus pre-judgment interest and post-judgment interest and the costs of these proceedings and further demands the amount of Five Hundred Thousand Dollars ($500,000.00) in punitive damages.

## COUNT FOUR – NEGLIGENT MISPREPRESENTATION – CONCEALMENT/NON-DISCLOSURE

59. Plaintiffs reallege and incorporates by reference all those facts and allegations in paragraphs one (1) through fifty-eight (58) above and further alleges:

60. There was a negligent assertion(s) of a false statement by the Defendant owing a duty of care to the Plaintiffs both in accordance with the Purchase Agreement and Ryan

13

Homes Homeowner's Guide and in relation to the substantial structural defect of the design and unworkmanlike work product in the construction of the foundation and load-bearing wall of the Property and the Defendant's concealed attempt at repairing, or otherwise blocking the water intrusion from the Plaintiffs.

61. Defendant intended for the Plaintiffs to act or rely upon said negligent assertion(s).

62. The knowledge of the Defendant that the Plaintiffs would probably rely upon the negligent assertion(s) or statement which, if erroneous, caused damage.

63. The Plaintiffs relied with justification upon the statement or assertion(s) and suffered damages as a direct result of the same.

WHEREFORE, Plaintiffs demand judgment against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00) in economic and non-economic damages, compensatory damages, plus pre-judgment interest and post-judgment interest and the costs of these proceedings.

## COUNT FIVE – FRAUD

64. Plaintiffs reallege and incorporates by reference all those facts and allegations in paragraphs one (1) through sixty-three (63) above and further alleges:

65. Defendant owed a legal and/or equitable duty to Plaintiffs arising out of a relationship of trust and confidence in regard to work performed both in accordance with the Purchase Agreement and Ryan Homes Homeowner's Guide and in relation to the substantial structural defect of the design and unworkmanlike work product in the construction of the foundation and load-bearing wall of the Property and the Defendant's concealed attempt at repairing, or otherwise blocking the water intrusion from the Plaintiffs.

14

66. Defendant breached said duties owed to Plaintiffs.

67. Defendant breached said duties owed to Plaintiffs by their deception and or violation

of Plaintiffs' confidence and/or injured the public interest by their conduct.

WHEREFORE, Plaintiffs demand judgment against Defendants in excess of Seventy-

Five Thousand Dollars ($75,000.00) in economic and non-economic damages,

compensatory damages, plus pre-judgment interest and post-judgment interest and the

costs of these proceedings and further demands the amount of Five Hundred Thousand

Dollars ($500,000.00) in punitive damages.

## COUNT SIX – NEGLIGENCE

68. Plaintiffs reallege and incorporates by reference all those facts and allegations in

paragraphs one (1) through sixty-seven (67) above and further alleges:

69. Defendant owed a duty to Plaintiff to complete the construction in a proper and

workmanlike manner in regard to work performed, materials and services at the

Property and Purchase Agreement entered into between the parties, breaching the

Purchase Agreement and/or Express and Implied Warranties.

70. Defendant breached those duties owed to Plaintiffs, including, failing to disclose the

substantial structural defect of the design and unworkmanlike work product in the

construction of the foundation and load-bearing wall of the Property and the

Defendant's concealed attempt at repairing, or otherwise blocking the water intrusion

which Defendant knew or had reason to know of the condition which has caused

damage to the Property.

71. As a result of Defendant's breach of its duty owed to Plaintiffs, they have suffered

extensive monetary damages.

15

WHEREFORE, Plaintiffs demand judgment against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00) in economic and non-economic damages, compensatory damages, plus pre-judgment interest and post-judgment interest and the costs of these proceedings.

## COUNT SEVEN – VIOLATION OF MARYLAND CONSUMER PROTECTION ACT

72. Plaintiffs reallege and incorporates by reference all those facts and allegations in paragraphs one (1) through seventy-one (71) above and further alleges:

73. Defendant made assertions to Plaintiffs both in accordance with the Purchase Agreement and the Ryan Homes Homeowner's Guide and in relation to the substantial structural defect of the design and unworkmanlike work product in the construction of the foundation and load-bearing wall of the Property and the Defendant's concealed attempt at repairing, or otherwise blocking the water intrusion from the Plaintiffs.

74. Defendant knew, or should have known, said assertions were each false and/or misleading.

75. Defendant, knowing such assertions to be false and/or misleading committed unfair and deceptive trade practices in violation of Maryland Code Ann. Commercial Law Section 13-303 of the Maryland Consumer Protection Act.

WHEREFORE, Plaintiffs demand judgment against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00) in economic and non-economic damages, compensatory damages, attorney's fees in accordance with Maryland Code Ann. Commercial Law Section 13-408 of the Maryland Consumer Protection Act plus pre-judgment interest and post-judgment interest and the costs of these proceedings.

16

<u>PLAINTIFFS' REQUEST FOR JURY TRIAL</u>

Pursuant to Maryland Rule 2-325 Plaintiffs request a jury trial in this matter.

<u>PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES</u>

In accordance with Maryland Rule 2-703(b), Plaintiffs hereby notify Defendant

that Plaintiffs seeks attorney's fees awarded as damages in this matter as permitted by

Maryland Code Ann Commercial Law Section 13-408 of the Maryland Consumer

Protection Act.

Respectfully Submitted,

Tyler J. Nowicki, Esq.
Nowicki & Associates, P.A.
727 N. Hickory Avenue
Bel Air, MD 21014
410-879-0026
410-893-8199
tnowicki@nowickifirm.com
CPF: 1012150311
Attorneys for Plaintiffs

17

IN THE CIRCUIT COURT FOR Baltimore County _____
(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant:* You must file an Information Report as required by Rule 2-323(h).

*THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING*

FORM FILED BY: ☒PLAINTIFF  ☐DEFENDANT  CASE NUMBER _____
(Clerk to insert)

CASE NAME: Tammy R. Johnson _____ vs. NVR, INC t/a Ryan Homes
      Plaintiff                     Defendant

PARTY'S NAME: Tammy R. Johnson       PHONE: n/a

PARTY'S ADDRESS: 9813 Marsh Haven Court, Baltimore MD 21220

PARTY'S E-MAIL: n/a

If represented by an attorney:

PARTY'S ATTORNEY'S NAME: Tyler J. Nowicki, Esq.     PHONE: (410) 879 - 0026

PARTY'S ATTORNEY'S ADDRESS: 727 N. Hickory Ave. Bel Air, MD 21014

PARTY'S ATTORNEY'S E-MAIL: tnowicki@nowickifirm.com

JURY DEMAND? ☐Yes  ☐No

RELATED CASE PENDING? ☐Yes ☒No  If yes, Case #(s), if known: _____

ANTICIPATED LENGTH OF TRIAL?: _____ hours __2__ days

### PLEADING TYPE

New Case: ☒Original  ☐Administrative Appeal  ☐ Appeal
Existing Case: ☐Post-Judgment  ☐Amendment
*If filing in an existing case, skip Case Category/ Subcategory section - go to Relief section.*

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint - DOB of Youngest Plt:_____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☐ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☒ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Workers' Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. - Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

| | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☒ Judgment-Interest | ☐ Return of Property |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Liability | ☐ Specific Performance |
| ☐ Arbitration | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Asset Determination | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Attachment b/f Judgment | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Cease & Desist Order | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Condemn Bldg | ☒ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Contempt | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☒ Court Costs/Fees | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☒ Damages-Compensatory | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |
| ☒ Damages-Punitive | ☐ Judgment-Default | ☐ Reinstatement of Employment | |

*If you indicated Liability above*, mark one of the following.  This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.  ☐ Liability is not conceded, but is not seriously in dispute. ☐ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000     ☐ $10,000 - $30,000     ☐ $30,000 - $100,000     ☒ Over $100,000

☐ Medical Bills $_____     ☐ Wage Loss $_____     ☐ Property Damages $_____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101?  (Check all that apply)

| A. Mediation | ☐ Yes | ☒ No | C. Settlement Conference | ☐ Yes | ☒ No |
| B. Arbitration | ☐ Yes | ☒ No | D. Neutral Evaluation | ☐ Yes | ☒ No |

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.*          *(Case will be tracked accordingly)*

☐ 1/2 day of trial or less          ☐ 3 days of trial time

☐ 1 day of trial time          ☐ More than 3 days of trial time

☐ 2 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited** - Trial within 7 months of          ☐ **Standard** - Trial within 18 months of
Defendant's response          Defendant's response

### EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE
## MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of          ☐ **Standard** - Trial within 18 months of
Defendant's response                              Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

☐ Expedited | Trial 60 to 120 days from notice. Non-jury matters.
☐ Civil-Short | Trial 210 days from first answer.
☐ Civil-Standard | Trial 360 days from first answer.
☐ Custom | Scheduling order entered by individual judge.
☐ Asbestos | Special scheduling order.
☐ Lead Paint | Fill in: Birth Date of youngest plaintiff_____ .
☐ Tax Sale Foreclosures | Special scheduling order.
☐ Mortgage Foreclosures | No scheduling order.

### CIRCUIT COURT FOR BALTIMORE COUNTY

☐ **Expedited**
(Trial Date-90 days)
Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus.

☒ **Standard**
(Trial Date-240 days)
Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases.

☐ **Extended Standard**
(Trial Date-345 days)
Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency.

☐ **Complex**
(Trial Date-450 days)
Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases.

04/12/2023
Date

727 N. Hickory Ave.
Address

Bel Air          MD     21014
City          State   Zip Code

Signature of Counsel / Party

Tyler J. Nowicki, Esq. 1012150311
Printed Name

**CC-DCM-002** (Rev. 04/2017)          Page 3 of 3