# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

TAMMY R. JOHNSON and WILLIAM M. LONGAN,

    *Plaintiffs*,

v.

NVR, INC. d/b/a RYAN HOMES,

    *Defendant*

Case No. 23-cv-1280-ABA

## MEMORANDUM OPINION AND ORDER

During the course of constructing a home for Plaintiffs Tammy Johnson and William Longan, Defendant NVR, Inc. t/a Ryan Homes ("NVR") discovered that there was a crack in the foundation. NVR's contractors took action to seal the crack. And the seal held, for years. Four years after Plaintiffs moved in, the seal failed, resulting in water intruding into the basement. NVR fully repaired the crack and the damage to the home and Plaintiffs' belongings, but Plaintiffs filed this case against NVR, asserting various claims. Following discovery, NVR filed a motion for summary judgment, based on a provision in the parties' purchase agreement that, if enforceable, (1) shortened to one year the period in which a tort claim could be asserted based on faulty construction, and (2) eliminated the discovery rule, which in the absence of agreement "tolls the accrual date of the action until such time as the potential plaintiff either discovers his or her injury, or should have discovered it through the exercise of due diligence." *Poole v. Coakley & Williams Const., Inc.*, 423 Md. 91, 131 (Md. Ct. App. 2011) (citation omitted).

After briefing and a motions hearing, the Court denied NVR's motion. That was because, under Maryland law, although agreements to shorten limitations periods, and

1

to eliminate operation of the discovery rule, are generally enforceable, one exception is where "the provision is . . . the product of fraud, duress, or misrepresentation." *Ceccone v. Carroll Home Servs., LLC*, 454 Md. 680, 684, 698 (2017). Because there was evidence in the record from which a reasonable jury could conclude that NVR concealed the foundation crack from Plaintiffs and that that concealment at least partly induced Plaintiffs to settle on the home, the Court concluded that there is a genuine dispute of material fact pertinent to whether the one-year limitations provision in the NVR purchase agreement is enforceable under Maryland law. ECF No. 35 at 15–17.

NVR has filed a motion for reconsideration. ECF No. 37. Plaintiffs filed a brief in opposition, ECF No. 39, and NVR filed a reply brief, ECF No. 43. For the following reasons, the motion for reconsideration will be denied.

## DISCUSSION

### A. Whether the Court may consider the evidence Plaintiffs relied on to oppose summary judgment

As explained in the Court's June 10 memorandum opinion, contractual provisions shorting limitations periods and/or waiving operation of the discovery rule are generally enforceable under Maryland law. ECF No. 35 at 12 (citing, among other cases, *Ceccone*, 454 Md. 680, and *College of Notre Dame of Maryland, Inc. v. Morabito Consultants, Inc.*, 132 Md. App. 158 (2000)). But there are exceptions, including if "the provision" is "subject to defenses such as fraud . . . or misrepresentation." *Ceccone*, 454 Md. at 684, 698. Here, Plaintiffs opposed NVR's motion for summary judgment in part by arguing that NVR concealed from Plaintiffs the existence of the crack in the foundation, and that there was a sufficiently close nexus between that evidence of concealment and the contractual limitations provision that a reasonable jury could

2

conclude the contractual limitations period in the purchase agreement was unenforceable. This Court agreed, concluding that there was sufficient evidence from which a reasonable jury could conclude that the contractual limitations provision in their purchase agreement with NVR was procured by fraud or misrepresentation. ECF No. 35 at 15–17.

NVR first argues that this Court erred in denying NVR's motion because although there is evidence in the record of "a crack and flooding" and that inspections were "rescheduled," the evidence that Plaintiffs relied on was not admissible. ECF No. 37-1 at 4–6. Specifically, NVR argues that the following documents are inadmissible and thus the Court should not have considered them in deciding whether NVR is entitled to summary judgment:

1. Baltimore County, Maryland Building Permit for 9813 Marsh Haven Ct. with "INSPECTION RECORD (INSPECTOR'S COPY)" with the following inspector notations (ECF No. 26-2 at 7, with highlighting apparently by Plaintiffs' counsel):

| DATE | INSPECTOR | INSPECTION | COMMENTS |
|---|---|---|---|
| 07/09/18 | DW | FT | canceled |
| 07/13/18 | DW | FT | GRIP |
| 7.23.18 | JJK | FDN Dr | Flooded |
| 7.24.18 | JJK | FDN DP | ext to int pit |
| 7.30.18 | JJK | SLAB | cancelled |
| 7.31.18 | JJK | P-SLAB | basement only Crack FDN - center most Corner garage/bsmt int corner |
| 08/13/18 | DW | CS | ① garage only |
| 8.23.18 | JJK | FR | pl ok |
| 8/27/18 | RC | Ins | |
| 10.2.18 | JJK | FINAL | pl ok AD 2.56 ACHD pg LLC DD- N/A 9/26/08 eot |

2. Baltimore County Permitting "Cityworks" printout, generated December 4, 2023 and produced by the Baltimore County Department of Permits, Approvals and Inspections on December 11, 2023, *see* ECF No. 39-1 at 5, including the following notations: "Building Footing Inspection FAIL 7/9/18"; "Foundation Damp Proofing In… FAIL 7/23/18" (but passed on 7/24/18); "Slab Inspection FAIL 7/30/18" (ECF No. 26-2 at 5);

3. July 13, 2018 internal record of subcontractor L&E Bustamante Concrete Company, Inc. ("Bustamante") stating, among other context, "PERMIT #B945370 (9813 MARSH HAEVN [sic] CT) ONLIN INSP @ BALTIMORE 410 887 3953 FOR 7/6 1200 (CONFIRM #3469580)- CANCELLED,

4

>
> RESCHEDULED FOR 7/9 1200PM (CONFIRM #3470463) RESCHEDULED FOR 7/13 1200PM (CONFIRM #3474008)" (ECF No. 26-1 at 7);

4. July 20, 2018 internal Bustamante record stating, "7/18 417PM PER ERIC STILL WAITING ON FOUNDATION TO GET PUMPED OUT" (ECF No. 26-1 at 6);

5. July 31, 2018 internal Bustamante record scheduling work to "POUR BASEMENT" and including the following notation: "PERMIT #B945370 (9813 MARSH HAVEN CT) ONLINE INSP @ BALTIMORE 410 88 3953 F0R 7/30 900AM (CONFIRM 3483369) CANCELLED, RESCHELED FOR 7/31 900AM (CONFIRM #3483947)" (ECF No 26-1 at 4);

6. August 8, 2018 internal Bustamante record scheduling "Service" for August 14 to "INSTALL MEMBRANE TO PREVENT LEAKAGE AND FILL CRACK FROM INSIDE OF GARAGE" (ECF No. 26-1 at 3);

7. August 14, 2018 internal Bustamante record scheduling "Service" for August 28, 2018 at the property to "INJECT WALL CRACKS" and describing the $1351 charge as for "WALL CRACK LABOR $175 7HRS & MATERIAL $851-17 TUBES CRACK CHASER 6 TUBES ANCHOR AHESIVE [sic]/SEAL CRACK 9.5HRS LABOR & ½ TAR 16LF TAR PAPER—SCHEDULE PRO 8/28" (ECF No. 26-1 at 2, 5);

8. August 28, 2018 Ryan Homes (NVR) work order describing "Repair/Damage" for "seal crack" and "wall injection" and describing NVR as having "[a]ccept[ed]" Bustamante Concrete's work described in the work order (ECF No. 26-1 at 1).

Plaintiffs contend that a reasonable factfinder could conclude, based on those documents—as well as the Ryan Homes Homeowner's Guide, which states that NVR will hold a "pre-drywall meeting" to provide buyers an "opportunity to meet with your Project Manager right before drywall goes up in your home, so we can demonstrate the craftsmanship 'behind the walls,'" ECF No. 24-6 at 7, a meeting that did not occur, ECF No. 24-3 (Johnson Tr. 58:1–11); ECF No. 24-4 (Longan Tr. 43:10–22)—that NVR knew there was a crack in the foundation and concealed that information, as well as the failed

5

inspections, from Plaintiffs. NVR argues this Court should disregard the eight documents above because they constitute "inadmissible evidence." ECF No. 37-1 at 4 (quoting *Giles v. Nat'l R.R. Passenger Corp.*, 59 F.4th 696, 704 (4th Cir. 2023)).

Where a party (such as NVR here) seeks summary judgment by "asserting that a fact cannot be . . . genuinely disputed," that party must "support the assertion" by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). NVR did object to the admissibility of Plaintiffs' evidence, ECF No. 27 at 1–5, and although NVR did not lodge document-by-document objections, the Court construes NVR's motion for summary judgment as having adequately triggered Rule 56(c)(1). But NVR's motion for reconsideration over-simplifies the next step in the analysis. The question is not whether the documents themselves that a non-movant relies on are inadmissible. Rather, Rule 56(c), as revised in 2010 and as explained in the commentary accompanying the 2010 amendments, presents the question as whether the non-movant's (here, Plaintiffs') evidence "*can[] be presented in a form* that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2) (emphasis added). The Rules Committee has explained how courts and parties should address questions of admissibility at the summary judgment stage:

> Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented *or to explain the admissible form that is anticipated*. There is no need to make a separate motion to strike. If the case goes to trial, failure to

>challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial.

Fed. R. Civ. P. 56, advisory committee's note to 2010 amendments.

Thus, the proper question is not whether the documents that Plaintiffs (and the Court) relied on are themselves admissible in their current form, such as without accompanying deposition testimony or declarations establishing an evidentiary foundation, but whether Plaintiffs have "explain[ed] the admissible form that is anticipated." *Id.*

Plaintiffs' showing in that regard is thin. This is what Plaintiffs say in response to NVR's reconsideration arguments based on inadmissibility:

> 12. NVR's characterization of certain evidence as "inadmissible" is incorrect. The inspection records from the Baltimore County Department of Permits, Approvals, and Inspections are the type of evidence that can properly be considered at the summary judgment stage.
>
> 13. In addition, NVR referenced ECF No. 26-1 at pages 4 and 7 then proceeded to insist that the documents appear to be "screenshots" from the Baltimore County Department of Permits, Approvals, and Inspections website and an unauthenticated sheet of handwritten notes.
>
> 14. Contrary to NVR's argument, the fact remains that these documents are in fact admissible evidence that was obtained via a properly served Subpoena to Baltimore County Maryland Department of Permits, Approvals and Inspections that was issued on November 30th, 2023.
>
> 15. Further, ECF No. 26-1 is the Subpoena production from NVR's contractor, L & E Bustamonte. These emails depict the communications and billing between the contractor and NVR during the time the basement was flooding and failing

7

>inspections related to the slabs and foundation, all of which were not disclosed to Plaintiff.

ECF No. 39 at 3.

The fact that a document was *produced* by L & E Bustamonte or the Baltimore County Department of Permits, Approvals, and Inspections does not establish that the documents are *admissible*. Because Plaintiffs rely on the documents for the truth of assertions therein, to be admissible the documents must not only be authentic, Fed. R. Evid. 901, but must satisfy an exception or exclusion to the hearsay rule, Fed. R. Evid. 801–804. Here, the fact that the documents were produced by the concrete contractor and the county permitting office constitutes "a satisfactory foundation from which the jury could reasonably find that the evidence is authentic." *See United States v. Vidacak*, 553 F.3d 344, 349 (4th Cir. 2009); *see also id.* at 350 ("[T]he *prima facie* showing [for authenticity] may be accomplished largely by offering circumstantial evidence that the documents in question are what they purport to be."); *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 548–49 (D. Md. 2007) (discussing authentication of public records).

With respect to the hearsay question, the Court is satisfied that the documents listed above are likely to be admissible. The Bustamante documents and Ryan Homes work order appear to constitute "records of a regularly conducted activity" (*e.g.*, business records) under Federal Rule of Evidence 803(6). And the Baltimore County, Maryland Building Permit and accompanying inspector notes appear to satisfy that same exception and/or to constitute "public records" under Rule 803(8). The Court does not definitively rule that those documents *will* be admitted. At or before trial, Plaintiffs will have to establish the foundation for their admissibility, in other words that the requirements for the business records and public records exceptions are satisfied.

Plaintiffs' position would have been much stronger in opposing summary judgment if they had, for example, deposed individuals with personal knowledge, or secured declarations establishing the criteria for business records or public records to be admitted as such. But the Court can adequately discern that these documents "can[] be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Accordingly, the Court rejects NVR's admissibility-based arguments for reconsideration.

In reaching this conclusion, the Court is not ruling that *all* of the facts that Plaintiffs' counsel asserted in their briefs in opposition to NVR's motions are supported by admissible evidence. For example, NVR appears to be correct that "[t]he record evidence"—at least as far as the summary judgment record is concerned—"does not show why any inspection was rescheduled." ECF No. 37-1 at 5. But even if Plaintiffs lack admissible evidence of *that* fact, they have come forward with sufficient evidence that is likely to be admissible from which a reasonable jury could conclude that NVR concealed from Plaintiffs information that Plaintiffs would have considered material to their decision to move forward with the purchase of their home.

**B.    There is sufficient admissible evidence for a reasonable jury to find facts that would come within an exception to the enforceability of the contractual limitations provision**

NVR's other argument for reconsideration assumes, for purposes of argument, that NVR did conceal from Plaintiffs information that Plaintiffs would have considered material to their decision to settle on the home. NVR argues that even if so, once the home was built, it was too late for them to back out or request different terms because under the Purchase Agreement, which Plaintiffs entered before the home was built, "a Purchaser could only have withdrawn from the agreement on the Actual Settlement Date if the Purchaser could show that NVR was *in default* under the Purchase

Agreement." ECF No. 37-1 at 7 (emphasis added, citing Purchase Agreement, ECF No. 24-2 ¶ 12(b)). That section 12(b) provides, "We will be deemed to be in default upon Our failure (1) to complete Settlement as required hereunder; or (2) to perform the obligations required to be performed by Us hereunder prior to Settlement, unless You are in default." ECF No. 24-2 at 6. It goes on to provide that if NVR is "in default," the purchaser may elect either to recover actual damages or to recover the purchaser's deposit (plus interest and $1,000 liquidated damages). *Id.* "On the record evidence," NVR argues, "Plaintiffs have not shown NVR was in default under the terms of the Purchase Agreement" because "the repaired crack—which did ultimately pass both the slab and building footing inspections before settlement in October 2018 (*see,* Inspection Records, Pl. Opp. Ex. 2 [ECF No. 26-2], at 5)—would **not** have amounted to default by NVR." ECF No. 37-1 at 7; *see also id.* at 8 ("There is simply no term in the Purchase Agreement which would have allowed Plaintiffs the ability to revise the terms of the Purchase Agreement after it was signed but before settlement.").

But whether NVR was in "default" within the meaning of the Purchase Agreement is not dispositive of whether the contractual limitations period is enforceable under the *Ceccone* standard. The basis for NVR's motion for summary judgment (ECF No. 24) was that the contractual limitations provision in the Purchase Agreement bars Plaintiffs' claims. Plaintiffs' response at bottom was that the contractual limitations provision is unenforceable because it was, in *Ceccone* terms, "the result of fraud [or] misrepresentation, or the like." 454 Md. at 684. The question presented by Plaintiffs' claims is not whether the crack rendered NVR in default, but rather whether Plaintiffs may sue NVR notwithstanding the passage of more than one year between closing and the filing of this lawsuit. For the reasons the Court stated previously, and based on the

evidence described above, a reasonable jury could conclude that had NVR not concealed (1) the crack, (2) the water intrusion, and (3) the need to have repaired the crack, Plaintiffs would have walked away once they got to settlement, or insisted on striking the one-year limitations provision, or otherwise demanded compensation or an adjustment in the purchase price. A jury may end up rejecting that theory, on any number of grounds; perhaps it will conclude that the crack was very small, or that Plaintiffs at the time would not have cared or would not have walked away or renegotiated the price or other terms. Or the jury may conclude that, regardless, Plaintiffs have not suffered any damages, particularly because, as NVR put it and Plaintiffs do not appear to dispute, "Plaintiffs incurred no costs in connection with the repairs" and "[s]ince the repairs were completed, Plaintiffs have experienced no further water intrusion in the area of the foundation wall crack." ECF No. 24-1 at 13 ¶¶ 29–30. After all, NVR is correct that "the undisputed record shows the alleged defect was corrected and passed inspections before the settlement date." ECF No. 37-1 at 7. But that does not necessarily extinguish Plaintiffs' claim that the one-year limitations provision is unenforceable. There is sufficient evidence in the record to require a jury to resolve the factual disputes pertinent to whether the contractual limitations period was rendered unenforceable by fraud or misrepresentation.

In reiterating that NVR is not entitled to summary judgment, the Court is not *deciding* that "there was [a] 'defect' to be disclosed." *See id*. at 6. And the Court by no means suggests, as NVR argues, that denying summary judgment "would be to find that any repair made in the process of constructing a home would need to be disclosed, lest the builder would be 'concealing' or hiding something to nullify the contractual limitations provision as obtained by fraud." *See id*. The Court's holding here is narrow

11

and fact-specific: There is evidence from which a reasonable jury could conclude that there was a significant crack in the foundation of Plaintiffs' future home that NVR knew about during construction; it was significant enough to require multiple repair attempts; under the Homeowner's Guide NVR agreed to permit Plaintiffs to inspect the foundation and other aspects of the construction before any drywall was hung, a meeting that did not occur; regardless of whether omitting a pre-drywall meeting would have constituted an independent contractual breach (it probably would not have), those circumstances are pertinent to the enforceability of the contractual limitations period; and the nature of this alleged defect (as opposed to many other possible defects) was that it was not only latent but was inherently the type of defect that would not have revealed itself until after expiration of the one-year limitations period. Moreover, the Purchase Agreement was entered before the home was built; it was not until the settlement date that Plaintiffs made a final determination to close on the transaction and accept the newly constructed home as constituting NVR having "perform[ed] the obligations required to be performed by [NVR]" under the Purchase Agreement. *See* ECF No. 24-2 ¶ 12(b). If any of those circumstances were different, a reasonable jury may very well *not* be in a position to conclude that the contractual limitations period was procured by fraud or misrepresentation. Here there is sufficient such evidence, and thus NVR is not entitled to summary judgment on contractual limitations period grounds.

## CONCLUSION AND ORDER

For these reasons, the Court hereby ORDERS as follows:

1. NVR's motion for reconsideration (ECF No. 37) is DENIED; and
2. by separate order the Court will enter a pre-trial scheduling order.

Date:  November 19, 2025

/s/
_____
Adam B. Abelson
United States District Judge